ERNESTINA GIROD LUBE, Petitioner, v. DISTRICT COURT OF GUAYAMA, Respondent.

No. 786. Argued July 28, 1931.—Decided March 9, 1932.

*Pedro E. Anglada* for petitioner. *A. Porrata Doria* for defendant in the main action.

MR. JUSTICE ALDREY delivered the opinion of the Court.

On motion of Ernestina Girod Lube, we issued a writ of certiorari in the present case to review an order of the Dis-

trict Court of Guayama refusing to grant her provisional support which she claimed from her husband.

Dr. Alejandro Buitrago brought an action of divorce against his wife, Ernestina Girod Lube, and after a judgment dismissing the complaint had become final, the latter petitioned the court for an order directing her husband to pay to her a monthly allowance for maintenance, on the grounds that she had no means of support; that her husband left the home without any cause or reason to justify his conduct; and that he possesses sufficient means. Later she presented another petition to the court with the prayer, based on the above facts, that pending a determination of her original petition for support she be allowed some money for temporary support.

The district court sustained a demurrer interposed by the husband to the petition for temporary maintenance on the ground that the same did not state facts sufficient to establish a cause of action, and gave as its reasons, citing the judgment of the Supreme Court of Spain of November 3, 1905, that the obligation imposed by section 143 of the Civil Code (1930 ed.) on the spouses to support each other is only applicable where a separation, either temporary or final, of the spouses has been decreed; that the claim for support is an action requiring the bringing or prosecution of another affecting the judicial separation of the spouses, such as an action for divorce, nullity of the marriage, judicial separation of the spouses, designation of residence for the wife, or any other similar proceeding; and that an independent action for support only lies where the separation of the spouses has been judicially decreed and the only thing left for determination is the fixing of the final support. The judgment thus cited is substantially to the same effect, and the basis for the conclusions there reached is that the spouses should live together, unless they are divorced or their marriage has been annulled, and that the granting of an allowance for maintenance during the existence of the marriage would operate as

an encouragement to those united by the marriage ties to disregard the same and separate of their own will, setting up a legal relationship fully incompatible with the nature and aims of the matrimonial relation, ignoring the duties pertaining thereto, and disturbing the unity of the family, all contrary to the mandate of the law founded on moral principles. The present appeal has been taken from the order made by the court below.

Section 156 of the Civil Code (sec. 88, 1930 ed.), equivalent to section 56 of the Spanish Civil Code, prescribes that the spouses are obliged to mutually assist each other, and accordingly section 143 of our Code (sec. 143 of the Spanish Code) provides that the spouses are bound to support each other. This duty is stated therein in general terms, without exceptions, and therefore if either of the spouses lacks the means of support while the other possesses them, the right to claim support arises even though, as in the present case, there is no judicial separation of the spouses.

The theory and grounds of the judgment cited by the lower court—which is not binding on us—seems reasonable, but we find it more reasonable to take into consideration life as it really is and the attendant events, as very often a separation of the spouses takes place without any judicial declaration to avoid the bringing of an action where the misfortune and disgrace of one of the spouses would be brought to light and therefore to the knowledge of the children born of the marriage, who otherwise would remain ignorant thereof.  For this reason, we consider to be more just the judgment of the Supreme Court of Spain of October 16, 1903, in which it is stated that one of the most essential duties imposed by law on the spouses is the mutual support whenever such support becomes necessary, irrespective of the legal status of the marriage, unless the necessities of either spouse arise from acts committed by such spouse which place him or her in a situation at variance with the law.  Therefore, the husband is unavoidably bound, as long as such situation endures, to

support his wife in compliance with the natural obligation imposed by section 156 and the first paragraph of section 143 of the Civil Code.

The order appealed from must be set aside and the case remanded for further proceedings not inconsistent with this opinion.